# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| EMMANUEL O'BRYAN DOYLE | § | |
| | § | |
| V. | § | A-17-CV-575-SS |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas. Petitioner was convicted of aggravated robbery and was sentenced to 32 years in prison on September 11, 2012. Petitioner did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas

corpus relief filed on or about December 11, 2015.  The Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing on June 8, 2016.  Ex parte Doyle, Appl. No. WR 85,053-01.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His criminal case was assigned to a corrupt, disqualified and biased judge;

2. He received ineffective assistance of counsel;

3. His attorney refused to file a Brady motion to obtain the audio portion of the videotaped statement he made to the FBI;

4. His punishment was excessive and constitutes cruel and unusual punishment.

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's conviction became final, at the latest, on October 11, 2012, at the conclusion of time during which he could have appealed his conviction. See TEX. R. APP. P. 26.2(a). Therefore, Petitioner had until October 11, 2013, to timely file his federal application. Petitioner indicates he placed his federal application for habeas corpus relief in the prison mail system until October 12, 2016. However, the envelope in which Petitioner's federal application was contained was not mailed from the prison and it was not placed in the mail until June 7, 2017. Accordingly, Petitioner's federal application was filed more than three years after the limitations period expired.

Petitioner's state application did not operate to toll the limitations period, because it was filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner claims he could not have filed his application before the limitations period expired because Williamson County Judge Ken Anderson was not convicted until November 2013. Even if the limitations period did not begin to run until Judge Anderson was convicted, Petitioner did not file his state or federal applications within one-year of Judge Anderson's conviction. Rather, Petitioner waited more than two years after Judge Anderson was convicted to file his state

3

application and waited another year after his state application was denied before he filed his federal application.

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

5

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED this 11th day of July, 2017.

                                              ANDREW W. AUSTIN
                                              UNITED STATES MAGISTRATE JUDGE